agreement, Nickolaus expressly agreed that he faced a punishment of 5-20 years imprisonment on Count I and up to 10 years imprisonment on Count II, with these terms to be served either concurrently or consecutively. Nickolaus also waived his right to appeal or collaterally attack his conviction or sentence.

The Presentence Investigation Report increased Nickolaus' offense level by a combined twenty levels under the Sentencing Guidelines based upon the number of images involved, the content of those images, the manner of their distribution, and his previous exploitation of minors. See U.S.S.G. § 2G2.2(b)(2), (4), (5), (6), (7) (2013). In March 2013, the trial court imposed a 210-month sentence on Count I and an 87-month sentence on Count II, those terms to be served concurrently. The resulting sentence was well below the 267-month bottom end of the applicable guidelines range. Nickolaus appealed ten months later, but the Seventh Circuit dismissed the appeal as untimely. He also sought relief in 2015 and 2016 by motion under 28 U.S.C. § 2255, but those motions were denied as untimely and as barred by the collateral attack waiver. *United States v. Nickolaus*, No. 1: 12-CR-93-TWP-MJD-1 (S.D. Ind. 2012).

In his present § 2241 petition, Nickolaus relies upon *United States v. Morrissey*, 895 F. 3d 541 (8th Cir. 2018) to contend that the indictment in his case was defective because it did not allege that the pornographic images depicted a minor under twelve years of age and did not identify which images were possessed and

2

which were distributed.[2] He therefore contends that it was improper to apply 18 U.S.C. § 2252(b)(2), which increases the statutory maximum sentence for the possession offense from 10 to 20 years. [D. E. No. 1 at 3, 6-7; D.E. No. 1-1 at 9-12] Nickolaus also contends that the failure to submit the question of the age of the minor depicted in the images to the jury was a violation of his Sixth Amendment rights under *Alleyne v. United States*, 570 U.S. 99 (2013). [*Id.* at 10-11]. Nickolaus finally challenges a handful of other sentencing determinations made by the trial court to increase his offense level under the Sentencing Guidelines, citing to several court decisions issued long before his sentence was imposed. [D. E. No. 15-18]

Nickolaus' petition must be denied for several reasons. First and foremost, his primary arguments are based upon a false factual premise: that the government relied upon § 2252(b)(2) to increase his statutory maximum sentence for possession of child pornography under § 2252(a)(4) from ten to twenty years. That premise is refuted by the record. In the plea agreement, the parties correctly recited that he faced a statutory maximum sentence of ten years on Count II (the possession offense), not twenty. Further, the trial court imposed an 87-month sentence for that offense, well below the 120-month maximum sentence even without § 2252(b)(2)'s enhancement to 240 months for cases involving depictions of minors below 12 years of age. And

---

[2] In actuality Nickolaus waived indictment by a grand jury and the case proceeded by information.

3

the "below 12 years of age" enhancement only applies to possession offenses under subsection (a)(4), not distribution offenses under (a)(2), which already carry a 20-year maximum sentence pursuant to § 2252(b)(1). Therefore neither *Morrissey* nor *Alleyne* have any bearing upon Nickolaus' case, and his claims based upon them are substantively without merit.

Nickolaus' petition is also barred by the collateral attack waiver he agreed to as part of his plea agreement. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). In his plea agreement, Nickolaus bargained for and received a substantial reduction in the sentence he faced in exchange for his agreement to plead guilty and to waive his right to challenge his conviction or sentence by any means, whether by direct appeal or collateral attack. Nickolaus is therefore barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Nickolaus' claims also may not be pursued under § 2241. A federal prisoner must challenge his conviction or sentence on direct appeal or through a motion under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A

4

petition under § 2241 may generally only be used to challenge actions by prison officials that affect the manner in which a prisoner's sentence is carried out, such as computing custody credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). There are narrow circumstances where a prisoner may challenge the enhancement of his federal sentence in a § 2241 petition. To qualify, the petitioner must (1) have been sentenced under a mandatory guidelines regime before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the Sentencing Guidelines merely advisory; (2) point to a Supreme Court decision - issued after the petitioner's sentence became final and which is retroactively applicable to cases on collateral review - which establishes that as a matter of statutory interpretation one or more of his prior convictions were not for offenses that could properly be used to enhance his federal sentence; and (3) establish that the new decision could not have been invoked in an initial or successive § 2255 motion. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

Nickolaus does not meet these requirements. First, his sentence was imposed in 2013, long after *Booker* was decided and under an advisory Sentencing Guidelines regime. A challenge to the enhancement of his sentence therefore fails to satisfy *Hill's* threshold requirement for cognizability. See *Arroyo v. Ormond*, No. 6: 17-CV-69-GFVT (E.D. Ky. 2017), *aff'd*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo

5

was sentenced in October 2006, after the Supreme Court's decision in *Booker* ... On this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018); *Anderson v. Ormond*, No. 6:18-CV-254-CHB, 2018 WL 6594539, at *3-4 (E.D. Ky. Dec. 14, 2018), *appeal filed*, No. 19-5010 (6th Cir. 2019).

Second, Nickolaus does not point to any case of statutory interpretation from the Supreme Court in support of his claims. His challenge to the sufficiency of the indictment (or information, in this case), as well as to the trial court's guidelines calculations, are claims of ordinary trial error that could and must have been pursued on direct appeal or in an initial § 2255 motion. His claim under *Alleyne*, in addition to being one that he could have pursued in an initial § 2255 proceeding, is a claim under the Sixth Amendment and is therefore not cognizable in this proceeding. Because Nickolaus could have pursued these claims through ordinary appellate review and initial § 2255 proceedings, his remedy under that provision was not inadequate and ineffective to pursue his claims. Relief under § 2241 is therefore unavailable. *Hill*, 836 F.3d at 594-95; *Truss v. Davis*, 115 F. App'x 772, 774 (2004). Finally, even if Nickolaus' claims did have merit, his 210-month sentence is below the combined 360-month statutory maximum he faced: 240 months under § 2252(a)(2) and 120 months under § 2252(a)(4)(B). He therefore fails to show a

6

miscarriage of justice. For all of the foregoing reasons, Nickolaus' petition will be denied.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DENIES** Nickolaus' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1].

2. The Court **DISMISSES** and **STRIKES** this action from the active docket.

This 7 day of August, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge